*E-Filed 6/25/10*

Chad S. Campbell
Perkins Coie Brown &Bain P.A.
2901 North Central Avenue
Suite 2000
Phoenix, AZ 85012−2755
602−351−8000
Fax: 602−648−7000
Email: cscampbell@perkinscoie.com

Lauren Sliger
Perkins Coie LLP
1888 Century Park East
Suite 1700
Los Angeles, CA 90067−1721
310−788−9900
Fax: 310−788−3399
Email: lsliger@perkinscoie.com

Farschad Farzan
Christopher Kao
Perkins Coie LLP
Four Embarcadero Center
Suite 2400
San Francisco, CA 94111
415−344−7000
Fax: 415−344−7050
Email: ffarzan@perkinscoie.com
Email: ckao@perkinscoie.com

Attorneys for Plaintiff
MICROSOFT CORPORATION

Morgan Chu (SBN 70446)
Perry Goldberg (SBN 168976)
Samuel Lu (SBN 171969)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile:  (310) 203-7199
E-mail: mchu@irell.com
E-mail: pgoldberg@irell.com
E-mail: slu@irell.com

Attorneys for Defendant
TIVO INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>            Plaintiff<br><br>     v.<br><br>TIVO INC.,<br><br>            Defendant. | Case No. 5:10−cv−00240−RS<br><br>JOINT STIPULATION FOR A MODIFICATION OF THE COURT'S CASE MANAGEMENT SCHEDULING ORDER |

I.  INTRODUCTION

Pursuant to Civil Local Rules 6-1, 6-2, and 7-12, the undersigned counsel hereby jointly request an order changing time that would affect the dates of certain claim construction events set forth in the Court's Case Management Scheduling Order. In addition, pursuant to Civil Local Rule 7-12, the undersigned counsel jointly request a modification of certain discovery limitations set forth in the Court's Case Management Scheduling Order.

II. CLAIM CONSTRUCTION SCHEDULING

A.  Reasons for the Requested Enlargement

Pursuant to Civil Local Rule 6-2(a)(1), the reasons for the requested enlargement of time are as follows.

- This case presently involves two patents asserted by Microsoft against TiVo. Dkt. No. 1.
- On May 27, 2010, Microsoft served TiVo with its asserted claims and infringement contentions for the original two patents as specified in the Case Management Scheduling Order. Dkt No. 23.
- On May 31, 2010, Microsoft filed a motion to amend seeking to assert five additional patents against TiVo. Dkt. No. 27. One week later, on June 7, 2010, Microsoft served TiVo with its asserted claims and infringement contentions for the five additional patents.
- TiVo filed a statement of non-opposition in which TiVo offered not to oppose Microsoft's motion to amend so long as appropriate adjustments were made to the existing Case Management Scheduling Order. Dkt. No. 32.

- The parties agreed, in principle, to extend the current claim construction deadlines by approximately three months, if the Court were to grant Microsoft's motion to amend. Dkt. No. 32.

- Under the parties' proposed schedule, TiVo would have slightly over five months from when TiVo received notice of Microsoft's five additional patents (i.e., when Microsoft filed its motion to amend) in which to serve TiVo's invalidity contentions, which is approximately the same amount of time that TiVo would have to prepare invalidity contentions had Microsoft filed a separate case. (In *SAP Aktiengesellschaft v. I2 Technologies, Inc.*, 250 F.R.D. 472, 475 (N.D. Cal. 2008), the court (1) granted plaintiff's opposed motion to amend to add a new patent to the case and (2) gave the defendant 189 days from the date of the plaintiff's motion to amend in which to serve the defendant's invalidity contentions.)

- The parties have thus reached agreement regarding both Microsoft's motion to amend and TiVo's request to modify the claim construction schedule.

For the foregoing reasons, the parties' jointly requested enlargement of time is reasonable.

B.  Previous Time Modifications

Pursuant to Civil Local Rule 6-2(a)(2), the parties disclose that the only previous time modification in this case was a joint stipulation giving TiVo a thirty-day extension of time to answer, plead, or otherwise respond to Microsoft's complaint.

C.  Effect the Requested Modification Would Have on the Schedule

Pursuant to Civil Local Rule 6-2(a)(3), the parties submit the following proposal for a modified claim construction schedule. The proposal describes the effect that the requested modification would have on the current claim construction schedule:

| Claim Construction Event | Current Date | Proposed Date |
|---|---|---|
| Invalidity Contentions | July 26, 2010 | November 4, 2010 |
| Exchange Proposed Terms for Construction | August 9, 2010 | November 18, 2010 |
| Exchange Preliminary Claim Constructions and Extrinsic Evidence | August 30, 2010 | December 9, 2011 |
| Joint Claim Construction and Expert Reports | September 24, 2010 | January 6, 2011 |
| Motion to Amend the Pleadings | October 1, 2010 | January 13, 2011 |
| Completion of Claim Construction Discovery | October 22, 2010 | February 3, 2011 |
| Opening Claim Construction Brief | November 8, 2010 | February 17, 2011 |
| Responsive Claim Construction Brief | November 22, 2010 | March 3, 2011 |
| Reply Claim Construction Brief | December 1, 2010 | March 10, 2011 |
| Tutorial | January 26, 2011 | 1 week before Claim Construction Hearing |
| Claim Construction Hearing | February 2, 2011 | Early May 2011 |
| Further Case Management Conference | March 3, 2011 | 1 month after Claim Construction Hearing |

III.     DISCOVERY LIMITATIONS

The Court ordered the following relevant discovery limitations in the Case Management Scheduling Order:

    (a) fifteen (15) non-expert depositions per party, including depositions contemplated by Fed. R. Civ. P. 30(b)(6);

(d) fifty requests for admission per party (exclusive of requests for admission seeking document identification).

If the Court were to grant Microsoft's motion to amend, the parties would agree to a proposed modification of these discovery limitations as follows:

(a)(1) twenty-three (23) non-expert depositions per party, including depositions contemplated by Fed. R. Civ. P. 30(b)(6), with both parties having the right to seek leave of court for additional depositions if necessary;

(a)(2) Joseph H. Matthews, III (one of the inventor-witnesses named on four different patents) may be deposed for up to ten (10) hours;

(d) seventy requests for admission per party (exclusive of requests for admission seeking document identification).

The proposed discovery limitations are reasonable and appropriate given that, if Microsoft's motion to amend were granted, the number of patents in this case would increase from two to seven patents and the number of possible inventor-witnesses would increase from five to thirteen possible inventor-witnesses.

IV.   STIPULATION

THE PARTIES HEREBY STIPULATE, by and through their respective counsel, and respectfully request that the Court modify the Court's Case Management Scheduling Order as follows:

1.   CLAIM CONSTRUCTION SCHEDULING

| Claim Construction Event | New Date |
| --- | --- |
| Invalidity Contentions | November 4, 2010 |
| Exchange Proposed Terms for Construction | November 18, 2010 |

| | |
|---|---|
| Exchange Preliminary Claim Constructions and Extrinsic Evidence | December 9, 2011 |
| Joint Claim Construction and Expert Reports | January 6, 2011 |
| Motion to Amend the Pleadings | January 13, 2011 |
| Completion of Claim Construction Discovery | February 3, 2011 |
| Opening Claim Construction Brief | February 17, 2011 |
| Responsive Claim Construction Brief | March 3, 2011 |
| Reply Claim Construction Brief | March 10, 2011 |
| Tutorial | 1 week before Claim Construction Hearing<br>May 11, 2011 at 10:00 a.m. |
| Claim Construction Hearing | Early May 2011<br>May 18, 2011 at 10:00 a.m. |
| Further Case Management Conference | 1 month after Claim Construction Hearing<br>June 23, 2011 at 10:00 a.m. |

2.      DISCOVERY

Discovery limitations shall be modified as follows:

(a)(1) twenty-three (23) non-expert depositions per party, including depositions contemplated by Fed. R. Civ. P. 30(b)(6), with both parties having the right to seek leave of court for additional depositions if necessary;

(a)(2) Joseph H. Matthews, III (one of the inventor-witnesses named on four different patents) may be deposed for up to ten (10) hours;

(d) seventy requests for admission per party (exclusive of requests for admission seeking document identification).

All other discovery limitations shall remain the same.

Dated: June 24, 2010

IRELL & MANELLA LLP
Attorneys for Defendant
TiVo Inc.

By: /s/ Samuel K. Lu
      Samuel K. Lu

PERKINS COIE LLP
Attorneys for Plaintiff
Microsoft Corporation

By: /s/ Lauren Sliger
      Lauren Sliger

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Date: 6/25/10

_____
Hon. Richard Seeborg
United States District Judge