| | |
|---|---|
| Chad S. Campbell (SBN 258723)<br>CSCampbell@perkinscoie.com<br>PERKINS COIE BROWN & BAIN P.A.<br>2901 North Central Avenue, Suite 2000<br>Phoenix, AZ  85012-2788<br>Telephone:  (602) 351-8000<br>Facsimile:  (602) 648-7000<br><br>Lauren Sliger (SBN 213880)<br>LSliger@perkinscoie.com<br>PERKINS COIE LLP<br>1888 Century Park East, Suite 1700<br>Los Angeles, CA  90067-1721<br>Telephone:  (310) 788-3245<br>Facsimile:  (310) 788-3399<br><br>Christopher Kao (SBN 237716)<br>CKao@perkinscoie.com<br>PERKINS COIE LLP<br>101 Jefferson Drive<br>Menlo Park, CA  94025-1114<br>Telephone:  (650) 838-4300<br>Facsimile:  (650) 838-4350<br><br>*Attorneys for Plaintiff Microsoft Corporation* | Morgan Chu (SBN 70446)<br>Perry Goldberg (SBN 168976)<br>Andrei Iancu (SBN 184973)<br>Ellisen S. Turner (SBN 224842)<br>IRELL & MANELLA LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, California 90067-4276<br>Telephone:  (310) 277-1010<br>Facsimile:  (310) 203-7199<br>E-mail: MChu@irell.com<br>E-mail: PGoldberg@irell.com<br>E-mail: AIancu@irell.com<br>E-mail: ETurner@irell.com<br><br>*Attorneys for Defendant TiVo* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>                   Plaintiff,<br>    v.<br><br>TIVO INC., a Delaware corporation,<br><br>                   Defendant. | Case No. 5:10-cv-00240-LHK (PVT)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:    September 22, 2010<br>Time:    2:00 p.m.<br>Place:    Courtroom 4, 5th Fl.<br>Before:  Hon. Lucy H. Koh |

On August 30, 2010, Microsoft Corporation ("Microsoft") and TiVo Inc. ("TiVo") (collectively, "the parties") received a clerk's notice setting a Case Management Conference for September 22, 2010 and requiring a Joint Case Management Statement (Dkt. No. 46), which the parties jointly submit herewith.  The parties have met and conferred in accordance with the requirements of Fed. R. Civ. P. Rule 26(f), Local Rule 16-9, Patent L.R. 2-1 and the Standing Orders of the Court to discuss case management issues, including a joint discovery plan.  The parties previously submitted Joint Case Management Statements on April 22, 2010 (Dkt. No. 21) and August 18, 2010 (Dkt. No. 44).

## I.    JURISDICTION AND SERVICE

Microsoft sued TiVo on January 19, 2010 for patent infringement pursuant to 35 U.S.C. § 101, *et seq.*  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.  TiVo was served with process on January 25, 2010.  TiVo answered and counterclaimed on April 19, 2010.  On June 30, 2010, Microsoft filed an amended complaint for patent infringement asserting an additional five patents.  TiVo answered the amended complaint and counterclaimed on August 2, 2010.

## II.   FACTS

A.    Microsoft's Statement:  TiVo imports, distributes, and sells products and provides subscription services and information in the United States for use in connection with audio-visual home entertainment systems, including set-top boxes known as digital video recorders or DVRs.  Microsoft filed the present patent infringement suit against TiVo, asserting infringement, contributory infringement, and infringement by inducement of seven Microsoft patents:

1) U.S. Patent No. 6,008,803, entitled "System for Displaying Programming Information;"

2) U.S. Patent No. 6,055,314, entitled "System and Method for Secure Purchase and Delivery of Video Content Programs;"

3) U.S. Patent No. 5,654,748, entitled "Interactive Program Identification System;"

4) U.S. Patent No. 5,677,708, entitled "System for Displaying a List on a Display Screen;"

5) U.S. Patent No. 5,896,444, entitled "Method and Apparatus for Managing Communications Between a Client and a Server in a Network;"

   6) U.S. Patent No. 6,725,281, entitled "Synchronization of Controlled Device State Using State Table and Eventing in Data-Driven Remote Device Control Model;" and

   7) U.S. Patent No. 5,648,824, entitled "Video Control User Interface for Controlling Display of a Video" (collectively, "Microsoft's patents")

  B. TiVo's Statement:  TiVo, a pioneer in home entertainment, created the first commercially viable DVR.  TiVo's innovative ideas have revolutionized the way consumers access home entertainment.  TiVo denies Microsoft's allegation that TiVo infringes Microsoft's patents.  Microsoft's patents are also invalid or unenforceable.

## III.   LEGAL ISSUES

  A. The construction of disputed claim language from the asserted claims of Microsoft's patents.

  B. Whether TiVo has infringed any asserted claim of Microsoft's patents.

  C. Microsoft's claim for damages for infringement of Microsoft's patents.

  D. Whether an injunction is appropriate if one or more asserted claims from Microsoft's patents are found to be infringed.

  E. Whether the case is deemed to be exceptional and the prevailing party is entitled to its attorneys' fees, costs, and expenses.

  F. Whether the claims of Microsoft's patents are invalid or unenforceable.

## IV.   MOTIONS

 Microsoft filed a motion to amend its complaint on May 31, 2010, which TiVo did not oppose, and the Court granted.  In addition to the claim construction briefing and hearing pursuant to the Local Patent Rules, the parties anticipate that motions for summary judgment may be filed as to some or all of the legal issues identified above.  The parties may also file discovery motions if deemed necessary.

## V.   AMENDMENT OF PLEADINGS

 The deadline for filing a motion to amend the pleadings is currently set for January 13, 2011 (Dkt. No. 36).  Neither party presently expects to submit additional proposed pleading amendments.

## VI.  EVIDENCE PRESERVATION

The parties have been advised by their respective counsel to preserve all relevant evidence, including any electronically stored evidence.

## VII.  DISCLOSURES

The parties exchanged their initial disclosures on May 13, 2010.

## VIII.  DISCOVERY

### A.  Discovery to date.

Discovery is ongoing.  The parties have exchanged and responded to written discovery.  TiVo issued third party subpoenas to EchoStar Corporation, NagraStar LLC and NDS America Inc.  Neither party has taken any depositions.

### B.  Protective order.

The parties submitted a first stipulated protective order on May 19, 2010.  Magistrate Judge Trumbull ordered that the parties submit a revised form of protective order based on the Court's model form of "Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets" on June 15, 2010.

The parties filed a Joint Motion for Protective Order on July 8, 2010, along with a revised stipulated protective order (Dkt. No. 39).  The parties are awaiting entry of the revised stipulated protective order by the Court.

### C.  Discovery limitations.

The parties have agreed on the following discovery limitations:

#### (i)  Interrogatories

Each party may serve twenty-five (25) interrogatories per party, including all discrete subparts.

#### (ii)  Requests for admission

Each party may serve up to seventy (70) requests for admission on the other party, exclusive of requests for admission seeking document identification.

| | |
|---|---|
| 1 | **(iii)   Depositions** |
| 2 | Each party may take up to twenty-three (23) non-expert depositions per party, |
| 3 | including depositions contemplated by Fed. R. Civ. P. 30(b)(6), with both parties having the right |
| 4 | to seek leave of court for additional depositions if necessary.  Absent an agreement to the |
| 5 | contrary, no deposition of a fact witness under Fed. R. Civ. P. 30(b)(1) shall exceed 7 hours.  The |
| 6 | parties have already agreed that Joseph H. Matthews, III (one of the inventor-witnesses named on |
| 7 | four different Microsoft patents) may be deposed for up to ten (10) hours. |
| 8 | The parties agree to meet and confer in good faith to agree on specific limitations on |
| 9 | expert depositions after service of the parties' respective expert reports. |
| 10 | **(iv)   Limitations on expert discovery** |
| 11 | Draft expert reports, expert notes relating to expert reports and their preparation, and |
| 12 | communications between attorneys and experts relating to expert reports and deposition or trial |
| 13 | preparation in this matter are not subject to discovery.  All parties will remain free to explore on |
| 14 | deposition the process by which an expert report was developed, provided such exploration does |
| 15 | not seek to undermine the agreement limiting discovery of the materials listed in this paragraph. |
| 16 | **(v)   Further agreements** |
| 17 | The above limitations may be modified by agreement of the parties or further Order of the |
| 18 | Court. |
| 19 | **IX.   CLASS ACTIONS** |
| 20 | This case is not a class action. |
| 21 | **X.   RELATED CASES** |
| 22 | A.   TiVo's Statement: There is a related case in this district.  TiVo's products are also |
| 23 | at issue in a co-pending patent infringement litigation filed on March 12, 2010, *AT&T Intellectual* |
| 24 | *Property I, L.P. and AT&T INTELLECTUAL PROPERTY II, L.P. v. TiVo Inc.*, No. 4:10-CV- |
| 25 | 01059-SBA (N.D. Cal.).  TiVo had filed an earlier case on August 26, 2009 in the Eastern District |
| 26 | of Texas alleging that AT&T's U-verse products and services infringe TiVo's patents.  *TiVo Inc.,* |
| 27 | *v. AT&T Inc., et al.*, No. 2:09-CV-259-DF (E.D. Tex.).  Microsoft intervened in that matter |
| 28 | because it provides some of the software used in the AT&T U-verse digital video recorders and |

1  set-top boxes.  AT&T and Microsoft moved to transfer the Texas case to this district.  That
2  motion was fully briefed and argued, and a decision is expected soon.

3      B.   Microsoft's Statement: The Microsoft patents asserted in this action are not at
4  issue in either the *AT&T Intellectual Property I, et al. v. TiVo Inc*. case (N.D. Cal. No. 4:10-CV-
5  01059-SBA) or the *TiVo Inc. v. AT&T Inc., et al*. case (E.D. Tex. 2:09-CV-259-DF).  Nor do the
6  patents at issue in those respective cases overlap with each other.  Finally, the claims do not
7  overlap in any of the cases.  Microsoft's claims against TiVo under Microsoft patents are at issue
8  in this case.  TiVo's claims against AT&T Inc. and various subsidiaries under TiVo's patents are
9  at issue in the E.D. Texas case.  And the claims of certain AT&T entities against TiVo under
10 AT&T patents are at issue in the other case pending in this judicial district.  The question of
11 whether to relate any of the pending cases would be best addressed with a complete record, after
12 the pending motion to transfer the E. D. Texas case has been decided.

**XI.   RELIEF**

14     Microsoft seeks a judgment that each of Microsoft's patents is valid and enforceable; that
15 TiVo is liable for infringement, contributory infringement and inducing infringement of
16 Microsoft's patents; that TiVo, its affiliates, subsidiaries, officers, directors, employees, agents,
17 representatives, licensees, successors, assigns, and all those acting in concert with TiVo be
18 enjoined from direct or indirect infringement of Microsoft's patents; that TiVo pay damages to
19 Microsoft; that the Microsoft be awarded its attorneys' fees, costs and expenses; and that
20 Microsoft be awarded such further relief as the Court deems appropriate.  Microsoft has not yet
21 presented a computation of its damages.

22     TiVo seeks a judgment that each of Microsoft's patents is invalid and not infringed; that
23 Microsoft take nothing by its claims for relief; that Microsoft's claims for relief be dismissed with
24 prejudice; that the Court enter judgment against Microsoft and in favor of TiVo in all respects;
25 that TiVo be awarded it attorneys' fees and costs; and that TiVo be awarded further relief as the
26 Court deems appropriate.

## XII. SETTLEMENT AND ADR

The parties have engaged in direct settlement discussions. The parties believe that if settlement discussions do not succeed, private mediation would be the best ADR option.

## XIII. CONSENT TO THE MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not presently consent to a Magistrate Judge for trial.

## XIV. OTHER REFERENCES

The parties do not believe this case is suitable for referral to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

The parties expect that the patent claim construction decision on disputed claim terms may help to narrow the issues in dispute.

## XVI. EXPEDITED SCHEDULE

The parties do not believe that this case is of the type that can be handled on an expedited basis.

## XVII. SCHEDULING

The current schedule of events and deadlines was ordered pursuant to joint stipulation of the parties (Dkt No. 36):

| Claim Construction Event | Date |
| --- | --- |
| Invalidity Contentions | November 4, 2010 |
| Exchange Proposed Terms for Construction | November 18, 2010 |
| Exchange Preliminary Claim Constructions and Extrinsic Evidence | December 9, 2010 |
| Joint Claim Construction and Expert Reports | January 6, 2011 |
| Motion to Amend the Pleadings | January 13, 2011 |
| Completion of Claim Construction Discovery | February 3, 2011 |
| Opening Claim Construction Brief | February 17, 2011 |

| Responsive Claim Construction Brief | March 3, 2011 |
| --- | --- |
| Reply Claim Construction Brief | March 10, 2011 |
| Tutorial | May 11, 2011 at 10:00 a.m. |
| Claim Construction Hearing | May 18, 2011 at 10:00 a.m. |
| Further Case Management Conference | June 23, 2011 at 10:00 a.m. |

## XVIII. TRIAL

The parties demand a trial by jury. Microsoft estimates the trial will require 7 court days. TiVo estimates the trial will require at least 7 court days, depending on the number of asserted claims.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The parties have each submitted their respective Certification of Interested Entities or Persons. Microsoft's Certification states that Microsoft Corporation does not have a parent corporation and that no publicly-held company owns an interest of 10% or more of Microsoft's stock. TiVo's Certification states that TiVo does not have a parent corporation, and that BlackRock Inc. is the only publicly-held company that owns 10% or more interest in TiVo's stock.

## XX. ISSUES RELATING TO PATENT LOCAL RULES 2-1(A)

### A. Modification of the obligations or deadlines set forth in the Patent Local Rules

The parties' proposed modification of the obligations or deadlines set forth in the Patent Local Rules is reflected in Section XVII ("Scheduling") above.

### B. The scope and timing of any claim construction discovery

The parties do not at this time propose any specific limits on discovery relating to claim construction. The parties' proposed timing of any claim construction discovery is reflected in Section XVII ("Scheduling")above.

### C. Format of the Claim Construction Hearing

TiVo does not anticipate that live testimony at the Claim Construction Hearing will be necessary or useful, but reserves the right to provide such testimony in the event that Microsoft later discloses an intention to present live testimony.

The parties shall prepare and present arguments on a claim term-by-claim term basis. Where it makes sense, the parties may group logically-related terms together..

### D. How the parties intend to educate the Court on the technology at issue

The parties intend to present a technical tutorial to the Court prior to the Claim Construction Hearing.

DATED: September 15, 2010

PERKINS COIE LLP
PERKINS COIE BROWN & BAIN P.A.

By: /s/ Lauren Sliger
Chad S. Campbell
Lauren Sliger
Christopher Kao
*Attorneys for Plaintiff Microsoft Corporation*

DATED: September 15, 2010

IRELL & MANELLA LLP

By: /s/ Ellisen Turner
Morgan Chu
Perry Goldberg
Andrei Iancu
Ellisen Turner
*Attorneys for Defendant TiVo Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on file with the Clerk of the Court.

/s/ Lauren Sliger
Lauren Sliger