UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation, ) ) ) Plaintiff, ) ) v. ) ) TIVO INC., a Delaware corporation, ) ) Defendant. ) ) ) | Case No.: 10-CV-00240-LHK <br><br> ORDER GRANTING LEAVE TO AMEND |

Defendant TiVo, Inc., moves for leave to amend its Answer and Counterclaims to add a counterclaim against Plaintiff Microsoft Corportion for infringement of U.S. Patent No. 6,792,195 (the "'195 patent"). Pursuant to Civil Local Rule 7-1(b), the Court finds that this motion is appropriate for determination without oral argument. Having considered the submissions of the parties and the relevant law, the Court grants Defendant's motion for leave to amend. The hearing on Defendant's motion is vacated. However, the Court will hold a Case Management Conference, as scheduled, on February 24, 2011, to discuss the case schedule and upcoming claim construction hearing.

**I. Background**

On January 19, 2010, Plaintiff Microsoft Corporation filed this action for patent infringement. Microsoft's original Complaint alleged that Defendant TiVo had directly and indirectly infringed two of its patents. On May 31, 2010, Microsoft moved to amend its Complaint

1

to add claims for direct and indirect infringement of five additional patents.  TiVo indicated that it would not oppose the amendment if the case schedule was adjusted appropriately, and the parties stipulated to a revised case schedule that provided TiVo slightly more than five months to serve its invalidity contentions.  The Court adopted the revised schedule and subsequently scheduled a claim construction hearing for May 17, 2011.  Under the current schedule, the deadline for amending the pleadings was January 13, 2011, and opening claim construction briefs are due February 17, 2011.

On January 13, 2011, TiVo filed the instant motion seeking leave to amend to add a counterclaim against Microsoft for infringement of TiVo's '195 patent.  It appears that the parties initially reached a tentative agreement to permit the amendment and allow construction of claim terms for the '195 patent to proceed on a separate schedule.  This would allow claim construction on Microsoft's seven patents to proceed as scheduled, while allowing additional time for the preparation of invalidity contentions regarding TiVo's '195 patent.  It seems, however, that the agreement fell through at the last minute, resulting in TiVo's filing of the instant motion for leave to amend.

**II.  Legal Standard**

Pursuant to Federal Rule of Civil Procedure 15, a party may amend its pleading once as a matter of course within 21 days after service of a responsive pleading.  Fed. R. Civ. Pro. 15(a)(1).  In cases, like this one, where the period for amendments as a matter of course has passed, a party may amend its pleading only with the opposing party's written consent or leave of the Court.  Fed. R. Civ. Pro. 15(a)(2).  Rule 15 instructs that "[t]he court should freely give leave when justice so requires."  *Id.*  The Ninth Circuit has stressed that the Rule 15 standard for granting leave to amend should be applied with "extreme liberality."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).  This does not mean, however, that leave to amend should be granted automatically.  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).  A district court need not grant leave to amend where the amendment (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile.  *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).  Of these factors, prejudice to the

opposing party carries the most weight and is considered the "touchstone" of the Rule 15(a) inquiry. *Eminence Capital*, 316 F.3d at 1052.

### III. Discussion

In this case, Microsoft does not oppose TiVo's proposed amendment. Rather, Microsoft claims that its position on the proposed amendment turns on two timing issues. First, Microsoft opposes any amendment that would require claim construction for the TiVo patent to proceed on the schedule previously set for the seven Microsoft patents. Second, Microsoft opposes delaying claim construction on its seven patents. Accordingly, Microsoft proposes that the claim construction hearing on its seven patents be held as scheduled and that claim construction of TiVo's patent proceed on a separate schedule that would provide adequate time for Microsoft to prepare its invalidity contentions and claim construction positions. In its reply, TiVo states that it does not object to Microsoft's proposal as long as all of Microsoft's claims and TiVo's counterclaims are tried in a single trial. TiVo also proposes an alternative schedule that would push the May 17 claim construction back by several months in order to permit a single claim construction hearing on all of the Microsoft and TiVo patents.

The Court agrees, as an initial matter, that the proposed amendment should be permitted. Assuming the scheduling issues can be resolved in a reasonable manner, the proposed amendment will not prejudice Microsoft, and it may promote judicial efficiency. Microsoft suggests that TiVo should have known of the facts and theories raised in the amendment for some time, and therefore unduly delayed in seeking leave to amend. The Court notes, however, that TiVo sought leave to amend within the deadline set by the Court, and it is still relatively early in the litigation. As TiVo points out, some courts have granted leave to amend to include additional patents in cases that have progressed much further than this one. *See, e.g.*, *SanDisk Corp. v. STMicroelectronics Inc.*, No. C 04-4379, 2009 WL 1404689, at *3 (N.D. Cal. May 19, 2009); *IXYS Corp. v. Advanced Power Technology, Inc.*, No. C 02-03942, 2004 WL 135861, at *3-5 (N.D. Cal. Jan. 22, 2004). Moreover, there is no indication that TiVo's proposed amendment is brought in bad faith or would be futile. In this instance, therefore, the Court finds that any delay by TiVo is not significant enough to overcome the liberal standard for granting amendments under Rule 15(a).

3

Case No.: 10-CV-00240-LHK
ORDER GRANTING LEAVE TO AMEND

However, the Court agrees with Microsoft that disrupting the existing claim construction schedule to accommodate TiVo's newly asserted patent would prejudice Microsoft. Regarding Microsoft's seven patents, the parties have already exchanged infringement contentions, invalidity contentions, proposed claim construction terms, and preliminary claim constructions. The parties have already filed a joint claim construction and prehearing statement. Opening claim construction briefs are due in three days. Accordingly, the tutorial and claim construction hearing on Microsoft's patents will proceed as scheduled.

Regarding TiVo's newly asserted '195 patent, the Court agrees with Microsoft that had TiVo filed a new lawsuit, Microsoft would have had more time than TiVo proposes in which to search for and analyze the prior art needed to prepare invalidity contentions. Moreover, the parties will need a considerable amount of time in May to prepare for the May 16 tutorial and May 17 claim construction hearing. Accordingly, the schedule for TiVo's '195 patent will be as follows:

| | |
|---|---|
| Case Management Conference: | February 24, 2011 |
| Infringement Contentions: | February 24, 2011 (per TiVo's proposal) |
| Invalidity Contentions: | June 2, 2011 |
| Exchange of proposed claim terms: | June 16, 2011 (per Patent L.R. 4-1) |

The Court notes that this schedule appears to be in line with the schedule to which the parties originally agreed before negotiations over the amendment broke down.

As stated in this Court's February 9, 2011 Order, the Court will determine whether an additional claim construction hearing is necessary after claim construction and summary judgment rulings regarding the terms that are the subject of the May 17 claim construction hearing. The issue of a single or separate trial may also be addressed at that time.

### IV. Conclusion

For the foregoing reasons, the Court GRANTS TiVo's motion for leave to amend. The case schedule is as set forth in this Order.

**IT IS SO ORDERED.**

Dated: February 14, 2011

_____
LUCY H. KOH
United States District Judge

4

Case No.: 10-CV-00240-LHK
ORDER GRANTING LEAVE TO AMEND