1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| MICROSOFT CORPORATION, a Washington corporation, | ) ) ) | Case No.: 10-CV-00240-LHK |
| Plaintiff, | ) ) ) | ORDER GRANTING TIVO INC.'S MOTION TO STAY PENDING REEXAMINATION |
| v. | ) ) | |
| TIVO INC., a Delaware corporation, | ) ) | |
| Defendant. | ) ) ) | |

Defendant TiVo Inc. moves to stay this action pending reexamination of the patents-in-suit. Dkt. No. 78 ("Mot."); *see also* Dkt. No. 92 ("Reply").  Plaintiff Microsoft Corporation opposes. Dkt. No. 89 ("Opp'n").  The Court held a hearing on the matter on April 29, 2011.  After considering the parties' submissions, the relevant legal authorities, and the parties' oral arguments, the Court hereby GRANTS TiVo's motion to stay.

## I.  BACKGROUND

### A.  Procedural History

Microsoft filed the instant lawsuit on January 19, 2010.  Dkt. No. 1.[1]  In its original complaint, Microsoft sought relief for TiVo's alleged infringement of two of Microsoft patents: U.S. Patent No. 6,008,803 (the '803 patent) and U.S. Patent No. 6,055,314 (the '314 patent).  On

---

[1] This case was originally assigned to Judge Richard Seeborg.  On August 2, 2010, the case was reassigned to the undersigned judge.  Dkt. No. 43.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

June 30, 2010, Microsoft filed its First Amended Complaint.  Dkt. No. 38 ("FAC").  In its FAC,

Microsoft alleged infringement against TiVo of five additional patents: U.S. Patent Nos. 5,654,748

(the '748 patent), 5,677,708 (the '708 patent), 5,896,444 (the '444 patent), 6,725,281 (the '281

patent), and 5,648,824 (the '824 patent).  TiVo answered Microsoft's FAC on August 2, 2010 and

counterclaimed for a declaratory judgment of invalidity and non-infringement of both patents.  Dkt.

No. 42.

On January 13, 2011, TiVo moved to amend its answer and counterclaims to assert a claim

of infringement of U.S. Patent No. 6,792,195 (the '195 patent).  Dkt. No. 61.  The Court granted

TiVo's motion to amend, Dkt. No. 69, and TiVo filed its amended answer and counterclaims on

February 17, 2011, Dkt. No. 71.[2]  On March 7, 2011, TiVo filed ex parte reexamination requests

for all seven patents asserted by Microsoft.  Mot. 5.  TiVo's reexamination requests ask the United

States Patent & Trademark Office ("PTO") to reexamine 88 claims across all seven patents-in-suit,

including all 49 asserted claims.  *Id.*  Also on March 7, 2011, TiVo moved to stay this litigation

pending completion of the requested reexamination.  On April 27, 2011, TiVo provided notice to

the Court that the PTO has granted its request for reexamination on six of the seven patents-in-suit.

Dkt. No. 94.  The PTO has not yet issued an order on TiVo's request for reexamination on the '444

patent.  *Id.*

### B.  Relevant Litigation

Although this case is the only lawsuit between TiVo and Microsoft currently before the

undersigned judge, the parties in their briefs contend that this case is part of a broader legal dispute.

#### 1.  TiVo's View

TiVo claims that Microsoft has filed three retaliatory lawsuits against TiVo, including this

case.  Mot. 4.  According to TiVo, these suits represent Microsoft's attempt to utilize its greater

financial resources to generate burdensome patent litigation against TiVo in order to prevent TiVo

from asserting its fundamental digital video recorder (DVR) patent rights against one of

Microsoft's major customers.  Mot. 3.  On August 26, 2009, TiVo filed a patent infringement suit

in the Eastern District of Texas against AT&T Inc. and several related entities for infringement of

---

[2] Microsoft answered TiVo's counterclaim on March 7, 2011.  Dkt. No. 77.

Case No.: 10-CV-00240-LHK
ORDER GRANTING TIVO INC.'S MOTION TO STAY PENDING REEXAMINATION

1  three of TiVo's fundamental patents on DVR technology. *TiVo Inc. v. AT&T Inc., et al.*, Case No.

2  2:09-cv-00259-DF.[3]  Microsoft, claiming that the accused products in the *AT&T* case run

3  Microsoft's Mediaroom client software, moved to intervene on January 15, 2010 in order to help

4  defend its major customer and respond to AT&T's request for indemnity.  Mot. 3-4; Opp'n 3.

5  TiVo did not oppose, and the court granted Microsoft's motion on March 31, 2010.  Mot. 4.  The

6  case is currently set for trial in October 2011.

7       After TiVo asserted its DVR patents against AT&T, Microsoft initiated three separate

8  patent infringement proceedings against TiVo.  This lawsuit, filed on January 19, 2010, is the first

9  of these actions.  Dkt. No. 1.  In addition to this case, Microsoft also filed a complaint on January

10  24, 2011 with the International Trade Commission ("ITC") alleging that TiVo infringes four of

11  Microsoft's patents not asserted in this lawsuit (the "ITC Investigation").[4]  Mot. 5.  At the hearing,

12  TiVo informed the Court that the ITC Investigation is set for trial in November 2011.  Concurrent

13  with the ITC complaint, Microsoft brought suit against TiVo in the Western District of Washington

14  alleging infringement of the same four patents asserted in the ITC Investigation (the "Washington

15  Suit").  *Microsoft Corp. v. TiVo Inc.*, No. 2:11-cv-00134-RSM, Dkt. No. 1 (W.D. Wa. Jan. 24,

16  2011).  On March 3, 2011, TiVo moved to stay the Washington Suit until the resolution of the ITC

17  Investigation.  Mot. 6.  Such a stay is a matter of right pursuant to 28 U.S.C. § 1659.  *Id.*  Microsoft

18  accuses the same TiVo products in this case as well as in the ITC Investigation and the Washington

19  Suit.  In addition, the patents-in-suit here are related to the patents asserted in the ITC Investigation

20  and the Washington Suit.

21       TiVo also claims that another lawsuit brought by subsidiaries of AT&T against TiVo in the

22  Northern District of California, *see AT&T Intellectual Property I, L.P. v. TiVo Inc.*, No. 4:10-CV-

23  01059-SBA, Dkt. No. 1 (N.D. Cal. Mar. 12, 2010), is part of Microsoft's retaliatory strategy (the

24  "AT&T Action").  In its March 12, 2010 complaint, AT&T's subsidiaries assert four patents

25  against TiVo.  On December 3, 2010, TiVo filed one inter partes and three ex parte reexamination

26

27  [3] For a copy of the docket, see Opp'n 3, Ex. C.
   [4] On February 24, 2011, the ITC initiated *In the Matter of Certain Set-Top Boxes, and Hardware*

28  *and Software Components Thereof*, Investigation No. 337-TA-761 on Microsoft's complaint.  Mot. 6.

3

1    requests encompassing all patent claims asserted by AT&T.  Mot. 6.  Subsequently, on December

2    6, 2010, TiVo filed a motion to stay the AT&T Action pending reexamination.  *Id.*  On March 1,

3    2011, Judge Armstrong granted TiVo's motion to stay the entire action pending completion of the

4    reexamination proceedings of all four patents.  *Id.*, Ex. 18.

5              **2.  Microsoft's View**

6           Microsoft claims that this case is part of a fundamental disagreement between Microsoft

7    and TiVo regarding the applicability and value of their respective intellectual property.  Opp'n 4-5.

8    Microsoft asserts that it has been developing entertainment technologies, including software for

9    set-top boxes, electronic program guide environments, and audio-video distribution networks, for

10   two decades.  *Id.* at 3.  According to Microsoft, its work in entertainment technologies has led to a

11   large and growing portfolio of patents, including the patents at issue here and in the ITC

12   Investigation.  *Id.*  In its opposition, Microsoft suggests that TiVo's recent patent litigation

13   campaign against various set-top box users threatens Microsoft's patent portfolio.  *Id.* at 3-4.

14   Microsoft claims that as a result of TiVo's litigation efforts, it initiated the instant lawsuit to defend

15   its portfolio and its Mediaroom business.  *See id.* at 4-5.  Microsoft also admitted at the hearing that

16   this case was filed in the Northern District of California, where TiVo is located, in an attempt to

17   have TiVo's Eastern District of Texas case against AT&T transferred here.

18       **C.  Status of Instant Case**

19          On October 6, 2010, the Court set the tutorial for May 16, 2011 and the claim construction

20   hearing for May 17, 2011.  Dkt. No. 51.  On February 17, 2011, Microsoft filed its opening claim

21   construction brief.  Dkt. No. 73.  TiVo filed its responsive claim construction brief on March 10,

22   2011, Dkt. No. 85, and Microsoft replied on March 24, 2011, Dkt. No. 87.  The Court, on February

23   24, 2011, set a summary judgment schedule to follow the claim construction ruling.  Dkt. No. 76.

24          As for discovery, the parties have served and responded to initial disclosures.  Opp'n 5.

25   Microsoft has served a single set of interrogatories, and TiVo has served two sets of

26   interrogatories.  Mot. 5.  Microsoft and TiVo have produced a total of 834 documents.  *Id.*  Among

27   these documents is the source code for the accused TiVo set-top boxes, which Microsoft has now

28   analyzed.  Opp'n 5.  Neither party has noticed or conducted any depositions.  Mot. 5.

*United States District Court*
For the Northern District of California

Case No.: 10-CV-00240-LHK
ORDER GRANTING TIVO INC.'S MOTION TO STAY PENDING REEXAMINATION

## II.  LEGAL STANDARD

"Any person at any time may file a request for reexamination by the [PTO] of any claim of a patent on the basis of any prior art" consisting of patents or printed publications.  35 U.S.C. § 302.  "Congress instituted the reexamination process to shift the burden or reexamination of patent validity from the courts to the PTO."  *Yodlee, Inc. v. Ablaise Ltd.*, 2009 U.S. Dist. LEXIS 5429, at *6 (N.D. Cal. Jan. 15, 2009) (quoting *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 78 (D.D.C. 2002)) (quotation marks omitted).  "Patent validity is a commonly asserted defense in litigation and courts are cognizant of Congress's intention of utilizing the PTO's specialized expertise to reduce costly and timely litigation."  *Canady*, 271 F. Supp. 2d at 78 (citation omitted).

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination."  *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citing *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 165, 81 L. Ed. 153 (1936); *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)).  "[T]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings."  *ASCII Corp. v. STD Entm't USA*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).  However, "[a] court is under no obligation to delay its own proceedings by yielding to ongoing PTO patent reexaminations, regardless of their relevancy to infringement claims which the court must analyze."  *NTP, Inc. v. Research In Motion, Ltd.*, 397 F. Supp. 2d 785, 787 (E.D. Va. 2005) (citing *Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001); *Medichem, S.A. v. Rolabo, S.L.*, 353 F.3d 928, 936 (Fed. Cir. 2003); *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 602-03 (Fed. Cir. 1985)).  Nevertheless, a court may decide to grant a motion to stay "in order to avoid inconsistent results, narrow the issues, obtain guidance from the PTO, or simply to avoid the needless waste of judicial resources, especially if the evidence suggests that the patents-in-suit will not survive reexamination."  *MercExchange, L.L.C. v. eBay, Inc.*, 500 F. Supp. 2d 556, 563 (E.D. Va. 2007).

///

///

Case No.: 10-CV-00240-LHK
ORDER GRANTING TIVO INC.'S MOTION TO STAY PENDING REEXAMINATION

# III. ANALYSIS

TiVo argues that a stay is appropriate in this case for two reasons.  First, TiVo argues that the interests of judicial economy favor staying this suit pending completion of the reexamination proceedings.  Mot. 1.  Second, TiVo argues that this Court should stay this case because Microsoft has filed an ITC proceeding on patents that overlap with the patents-in-suit.  *Id.*

Courts consider three main factors in determining whether to stay a case pending reexamination: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party."  *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006) (citing *In re Cygnus Telecomms. Tech., LLC Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005)).  TiVo claims that each of these factors supports a stay.  Mot. 8.  Microsoft contends that each of the factors favors denying TiVo's request for a stay.  Opp'n 7.  The Court will consider each factor, beginning, as the parties did in their briefs, with the second factor.

## A.      Simplification of the Issues

TiVo claims that this factor weighs in favor of a stay because the reexamination proceedings could possibly result in the complete elimination of all claims arising from all patents asserted by Microsoft in this case.  Mot. 8.  TiVo also argues that even if some claims survive, "[p]atents rarely emerge from reexamination unscathed."  *Id.* at 9.  According to TiVo, a significant chance exists that the reexamination proceeding will dispose of, clarify, or dramatically alter the issues in contention.  *Id.*  Thus, TiVo suggests that granting a stay eliminates the possibility that the Court will expend resources on issues that the PTO's findings may ultimately render moot.  *Id.* (citing cases).

Microsoft contends that the reexamination proceedings will not simplify the issues here because reexamination will not resolve the parties' dispute.  Opp'n 7-10.  Microsoft points out that regardless of the PTO's decision, the Court will still need to resolve TiVo's patent infringement counterclaim.  *Id.* at 8.  In addition, Microsoft claims that because it has asserted numerous patents

Case No.: 10-CV-00240-LHK
ORDER GRANTING TIVO INC.'S MOTION TO STAY PENDING REEXAMINATION

1    and claims against TiVo, the reexamination process is unlikely to narrow or simplify the issues

2    enough to justify the lengthy delay that will result from a stay.  *Id.*

3            Although the Court appreciates Microsoft's concerns regarding the delay caused when a

4    court stays a case pending PTO reexamination, the Court nevertheless finds that this factor weighs

5    in favor of granting TiVo's motion.  PTO reexamination is likely to simplify the issues in this case

6    in several ways.  First, "[i]f any of the asserted claims are cancelled, the ordeals of claim

7    construction and trial will become unnecessary for those claims."  *Richtek Tech. Corp. v. uPI*

8    *Semiconductor Corp.*, No. 09-cv-05659 WHA, 2011 U.S. Dist. LEXIS 14095, at *8 (N.D. Cal.

9    Feb. 3, 2011).  Second, "[i]f any of the asserted claims are amended, the contours of claim

10   construction and trial will likely be different as a result."  *Id.*  Third, "[e]ven if none of the asserted

11   claims are cancelled or amended, this action will be shaped by the richer prosecution history

12   available to inform the claim construction process."  *Id.* at *8-9 (citing *Gould v. Control Laser*

13   *Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)).

14           Recent statistics from the PTO make it likely that the first two situations described above

15   will occur.  In 12% of ex parte reexamination proceedings, the PTO cancels all of a patent's claims.

16   Mot. 9.  In an additional 65% of ex parte reexaminations, the PTO cancels or modifies some

17   claims.  *Id.*  Thus, the PTO cancels or amends claims in an ex parte reexamination proceeding 77%

18   of the time.  *Id.*  Therefore, it is probable, "based on the statistical evidence provided, that upon

19   reexamination the [PTO] will take some action that results in canceling or altering one or more of

20   the claims at issue and, accordingly, a stay would likely narrow and clarify the issues for claim

21   construction and for trial."  *Advanced Analogic Techs., Inc. v. Kinetic Techs., Inc.*, No. 09-cv-1360

22   MMC, 2009 U.S. Dist. LEXIS 122229, at *4 (N.D. Cal. Dec. 15, 2009) (citing *Gould v. Control*

23   *Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)).  Furthermore, "since it is possible that this

24   Court and the PTO could reach inconsistent conclusions regarding the same patent, there is a

25   significant concern of wasting resources by unnecessarily proceeding" forward.  *Ricoh Co. v.*

26   *Aeroflex Inc.*, 2006 U.S. Dist. LEXIS 93756, at *23 (N.D. Cal. Dec. 14, 2006).  "If this Court were

27   to deny the stay and proceed to trial, it is possible that the time, resources, and significant efforts of

28   all those involved in such a trial, including a jury, would be wasted."  *Id.*

Case No.: 10-CV-00240-LHK
ORDER GRANTING TIVO INC.'S MOTION TO STAY PENDING REEXAMINATION

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    Microsoft's arguments that this factor weighs against a stay are unpersuasive.  Even though

2    Microsoft is correct that PTO reexamination can take several years, this potential delay is

3    outweighed by the significant likelihood that the PTO will modify or cancel some of the 49 claims

4    at issue in this litigation.  Microsoft's concern regarding TiVo's counterclaim is also negated by

5    TiVo's willingness to stay its counterclaim pending reexamination.  Microsoft also argues that

6    reexamination will not simplify the issues here because the case involves multiple patents.

7    Although Microsoft is correct that reexamination is much more likely to dispose of a single-patent

8    case than a multiple patent case, this does not change the fact that the PTO will likely modify or

9    cancel many of the claims at issue here.  This will simplify the litigation even if it does not fully

10   resolve it.  Finally, Microsoft argues that because TiVo has requested ex parte reexaminations,

11   TiVo will be free to argue invalidity in this case even if the PTO rejects TiVo's position.  Opp'n 9.

12   "While it is true that this 'court is not bound by the PTO's actions and must make its own

13   independent determination of patent validity,' it is equally true that the PTO has acknowledged

14   expertise in evaluating prior art and assessing patent validity."  *Old Reliable Wholesale, Inc. v.*

15   *Cornell Corp.*, 635 F.3d 539, 548 (Fed. Cir. 2011) (citations and quotations omitted).  Thus, even if

16   TiVo is not estopped from asserting the same prior art here as it has submitted to the PTO, the

17   PTO's evaluation of that prior art, though not dispositive, will at least be helpful.

18       Accordingly, this factor weighs in favor of granting TiVo's motion for a stay of this

19   litigation pending PTO reexamination.

20       **B.**       **Stage of the Litigation**

21       "The early stage of a litigation weighs in favor of granting a stay pending reexamination."

22   *Graphon Corp. v. Juniper Networks, Inc.*, No. 10-cv-01412-JSW, 2010 U.S. Dist. LEXIS 101338,

23   at *7 (N.D. Cal. Sept. 13, 2010) (citations omitted).  TiVo argues that this factor weighs in favor of

24   a stay because discovery is not yet complete, and no trial date has been set.  Mot. 12-13.  Microsoft

25   argues that this factor weighs against a stay because even though discovery is not finished, this

26   case is in an advanced stage.  Opp'n 10.  The Court finds TiVo's position more persuasive.

27       Many courts have stayed patent infringement suits pending reexamination even after

28   discovery was complete.  *See eSoft, Inc. v. Blue Coat Sys.*, 505 F. Supp. 2d 784, 788 (D. Colo.

8

2007) (citing cases where patent cases stayed pending reexamination even after the close of discovery).  Discovery is not yet complete in this case.  Even though the parties have exchanged initial disclosures, interrogatory responses and document discovery, Opp'n 10, no depositions have been taken, and the parties have not exchanged expert reports, Reply 10.  Although the parties have expended resources in preparing for claim construction, neither the tutorial nor the claim construction hearing has occurred.  Furthermore, no trial date has been set.

Because discovery is still open and no trial date is set, this factor weighs slightly in favor of granting TiVo's motion to stay.

### C.      Undue Prejudice

"Granting a stay does not cause the nonmoving party undue prejudice when that party has not invested substantial expense and time in the litigation."  *Akeena Solar Inc. v. Zep Solar Inc.*, No. 09-cv-05040-JSW, 2010 U.S. Dist. LEXIS 47909, at *7 (N.D. Cal. Apr. 14, 2010) (citation omitted).  "The delay inherent to the reexamination process does not generally constitute, by itself, undue prejudice."  *Id.* (citing *Pegasus Dev. Corp. v. DirecTV, Inc.*, 2003 U.S. Dist. LEXIS 8052, 2003 WL 21105073, at *2 (D. Del. May 14, 2003)).

Microsoft makes three arguments as to why TiVo will gain a tactical advantage if the Court grants TiVo's motion to stay.  Opp'n 10-12.  Two of the arguments are related.  First, Microsoft claims that TiVo purposefully waited until the Court granted TiVo leave to file its counterclaim before filing its motion to stay.  *Id.* at 11.  According to Microsoft, if the Court grants TiVo's motion to stay, the damages clock on that claim will continue to run.  *Id.*  Second, Microsoft contends that TiVo delayed filing its motion to stay until the claim construction process was nearly complete.  *Id.*

The fact that Microsoft amended its complaint to add five of the seven asserted patents-in-suit on June 30, 2010, and the complexity of TiVo's reexamination requests persuade this Court that any potential delay in filing was at least partially justified.  According to TiVo, after learning that Microsoft intended to assert five additional patents in May 2010, TiVo undertook prior art searches and investigations.  The prior art search firms spent around 1,300 hours searching for relevant prior art, and TiVo's counsel spent nearly 1,500 hours searching for prior art, analyzing

9

United States District Court
For the Northern District of California

1    that art, performing invalidity analysis, and preparing TiVo's reexamination requests.  Mot. 15.  In

2    the end, TiVo's reexamination requests and related expert declarations amounted to 826 pages

3    without exhibits and 3761 pages with exhibits.  *Id.* at 14.

4         Finally, Microsoft claims that it will suffer undue prejudice as a result of a stay because

5    staying this case alone will not increase the likelihood of settlement.  Opp'n 11-12.  According to

6    Microsoft, because the ITC Investigation and TiVo's suit against AT&T will still continue,

7    Microsoft will have no reason to resolve this case.  *Id.* at 11-12.  The Court is not persuaded.  If the

8    Court were to stay this case, Microsoft is still asserting against TiVo, in the ITC and in the Western

9    District of Washington, patents related to those at issue here.  Those actions also involve the same

10   accused TiVo products as those accused in this case.  Moreover, the ITC Investigation is set for

11   trial in November 2011, much sooner than trial in this matter would be possible.  Therefore, even if

12   this case is stayed, the parties will go to trial against each other twice within the next seven months,

13   as the Eastern District of Texas case is set for trial in October of 2011, and each trial carries with it

14   the potential for injunctive relief.  Thus, it is still possible that Microsoft and TiVo will resolve

15   their broader dispute without this litigation.  This, in turn, could lead to settlement here.

### IV. CONCLUSION

17        For the foregoing reasons, the Court GRANTS TiVo's motion for a stay of this case.  This

18   action is STAYED in its entirety, including TiVo's counterclaim, pending final exhaustion of all

19   six pending reexamination proceedings,[5] including any appeals.[6]

20        The Clerk shall AMINISTRATIVELY CLOSE this matter.

21        The parties shall submit joint status reports apprising the Court of the status of the

22   reexamination proceedings every sixth months.

23   ///

24   ///

25   ///

26   ///

27

28

---

[5] If the PTO grants TiVo's seventh reexamination request, that proceeding too must be exhausted.
[6] This does not preclude any party from moving to reopen this action.

Case No.: 10-CV-00240-LHK
ORDER GRANTING TIVO INC.'S MOTION TO STAY PENDING REEXAMINATION

The parties shall provide notice to the Court within one week of final exhaustion of all pending reexamination proceedings, including appeals.  In their notice, parties shall request that this matter be reopened, and that a case management conference be scheduled.

**IT IS SO ORDERED.**

Dated: May 6, 2011

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge

Case No.: 10-CV-00240-LHK
ORDER GRANTING TIVO INC.'S MOTION TO STAY PENDING REEXAMINATION